■ Hathan R. Sobel, J.
Plaintiff has commenced an action for divorce (Domestic Relations Law, § 170, subd. 2). She has obtained from this court an order permitting service of the summons by publication (CPLR 314, 315, 316).
Being obviously indigent, plaintiff has duly obtained an order of this court granting to her permission to proceed as a poor person (CPLR 1101, 1102). The “ poor persons ” statutes are applicable to matrimonial actions (Smith v. Smith, 2 N Y 2d 120). The statute, CPLR 1101, affords relief from “ costs, fees and expenses necessary to prosecute * * * the action”.
The legal fees for publication, where publication is directed ,by law, are a taxable reimbursement (CPLR 8301, subd. [a], par. 3). Such cost is a ‘‘ fee ” fixed by law (CPLR 8007). The “poor persons” statute therefore affords relief from the expense of publication.
The present application is to direct the Treasurer or Director of Finance of the City of Hew York to pay such cost of publica *417 tion. Since no notice was given to the city of the application to proceed as a poor person (see 1966 amendment [L. 1966, ch. 455] to CPLR 1101, subd. [c]; also 2 Weinstein-Korn-Miller, par. 1101.03), this court directed that the Corporation Counsel be served with notice of the instant application (cf. Smith v. Smith, supra, p. 124). The city has appeared and consents to the granting of this motion.
Ordinarily, the granting of a motion by consent does not require comment by the court. It should be noted, however, that this appears to be a “ first ”. I am informed that agencies offering free legal service in matrimonial actions have refused to undertake matrimonial actions where service by publication would be required and the party is unable to advance such cost. Counsel in the instant action represents tsuch an agency and is acting without compensation. This application was therefore purposed to establish a precedent for others.
It is suggested that in the future, all applications to proceed as a poor person should be made on notice to the city (CPLR 1101, subd. [e]). Applications to require the city to pay the cost of publication should also be made on notice. Since there is no statutory provision to the contrary, as is the case with stenographic transcripts (see CPLR 1102, subd. [b]), such notice should be given.
The statutory authority for the granting of the relief requested is clear. It is therefore unnecessary to rule that denial of access to the courts to poor persons, while granting such access to those able to afford the cost of publication, might constitute a denial of equal protection (cf. People v. Montgomery, 18 N Y 2d 993 and cases cited).
Motion granted.